

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Shawn P. Barnes
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102

(973) 645-2848

February 26, 2021

Richard Mazawey, Esq.
The Mazawey Law Firm
1135 Broad Street, Suite 211
Clifton, New Jersey 07013

Re:   Plea Agreement with Jose Minaya

Dear Mr. Mazawey:

This letter sets forth the plea agreement between your client, Jose Minaya ("MINAYA" or the "defendant"), and the United States Attorney's Office for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on March 19, 2021 if it is not accepted in writing by that date.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from MINAYA to a two-count Information which charges MINAYA with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e) and 18 U.S.C. § 2 (Count One) and online enticement in violation of 18 U.S.C. § 2422(b) (Count Two). If MINAYA enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MINAYA for knowingly producing, distributing, receiving, or possessing child pornography and online enticement from July 2019 through May 2020. If a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, MINAYA agrees that any dismissed charges and any other charges that are not time-barred by

1

the applicable statute of limitations on the date this agreement is signed by MINAYA may be commenced against him, notwithstanding the expiration of the limitations period after MINAYA signs the agreement.

Sentencing

The violation of 18 U.S.C. §§ 2251(a) and (e) and 18 U.S.C. § 2 to which MINAYA agrees to plead guilty (Count One) carries a statutory maximum sentence of thirty (30) years' imprisonment, a statutory mandatory minimum sentence of fifteen (15) years' imprisonment, and a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 2422(b) to which MINAYA agrees to plead guilty (Count Two) carries a statutory maximum sentence of life imprisonment, a statutory mandatory minimum sentence of ten (10) years' imprisonment, and a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest

Pursuant to 18 U.S.C. § 2251(e), if the Court determines that MINAYA has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. §§ 2251(a) and (e) and 18 U.S.C. § 2 (Count One) to which MINAYA agrees to plead guilty instead carries a mandatory minimum sentence of twenty five (25) years' and a statutory maximum prison sentence of fifty (50) years' imprisonment.

The sentence to be imposed upon MINAYA is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any

representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MINAYA ultimately will receive.

Further, in addition to imposing any other penalty on MINAYA, the sentencing judge: (1) will order MINAYA to pay an assessment of $100 per count ($200 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order MINAYA to pay restitution pursuant to 18 U.S.C. § 2259; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (4) pursuant to 18 U.S.C. § 3583 must require MINAYA to serve a term of supervised release of at least five (5) years and up to a maximum term of life on supervised release, which will begin at the expiration of any term of imprisonment imposed.

In addition, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds MINAYA to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

In addition, pursuant to 18 U.S.C. § 2259A, the court shall assess (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

## Violations of Supervised Release

Should MINAYA, while on supervised release, violate any of the conditions of supervised release before the expiration of its term, MINAYA may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should MINAYA while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, MINAYA must be sentenced to at least five (5) years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MINAYA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of MINAYA's activities and relevant conduct with respect to this case.

## Stipulations

This Office and MINAYA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or MINAYA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and MINAYA waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

4

Forfeiture

MINAYA agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all computer and computer accessories on which law enforcement, in or around May 2020, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in the Information, and all property traceable to such property (the "Forfeitable Property," which includes the items listed on Schedule B hereto).

MINAYA further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. MINAYA agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MINAYA understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

MINAYA hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

MINAYA understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. MINAYA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. MINAYA wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. MINAYA understands that he is bound by his guilty plea regardless of

5

any immigration consequences of the plea. Accordingly, MINAYA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Registration Consequences

MINAYA understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. MINAYA wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. MINAYA understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, MINAYA waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

## Adam Walsh Child Protection and Safety Act

MINAYA has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where MINAYA resides; where he is an employee; and where he is a student. MINAYA understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. MINAYA further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. MINAYA has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MINAYA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against MINAYA.

No provision of this agreement shall preclude MINAYA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that MINAYA received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between MINAYA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By:   SHAWN P. BARNES
Assistant United States Attorney

APPROVED:

MEREDITH WILLIAMS
Chief, OCDETF/Narcotics Unit

7

I have received this letter from my attorney, Richard Mazawey, Esq. I have read it. It has been translated for me. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 10/12/2022
JOSE MINAYA

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 10/12/22
RICHARD MAZAWEY, ESQ

8

## Plea Agreement with Jose Minaya

### Schedule A

1. This Office and Jose Minaya ("MINAYA") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and MINAYA nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence MINAYA within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and MINAYA further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

### The Offense Conduct

### Count One

3. The applicable guideline is U.S.S.G. § 2G2.1(a), which carries a Base Offense Level of 32.

4. Specific Offense Characteristic U.S.S.G. § 2G2.1(b)(1)(A) applies in that the offense involved a minor who had not attained the age of twelve years, which results in an increase of 4 levels.

5. The Total Offense Level for Count One is 36.

### Count Two

6. The applicable guideline is U.S.S.G. § 2G1.3(a)(3), which results in a Base Offense Level of 28.

7. Specific Offense Characteristic U.S.S.G. § 2G1.3(b)(4)(A) applies in that the offense involved the commission of a sex act or sexual contact, which results in an increase of 2 levels.

8. The Total Offense Level for Count Two is 30.

### Grouping Analysis

9. Pursuant to U.S.S.G. § 3D1.2, offenses under U.S.S.G. § 2G2.1 are excluded from grouping. As such, Count One and Count Two do not group. Group One (production of child pornography) has a Total Offense Level of 36 and is one unit. Group Two (online enticement) has a Total Offense Level of 30 and is six levels less serious than Group One. As such, pursuant to U.S.S.G. § 3D1.4(b), Group Two is counted as one-half unit. As such, there are a total of one and one-half units and 1 level should be added to the most serious offense.

10. The Final Base Offense Level is 37.

11. As of the date of this letter, MINAYA has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, MINAYA has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in MINAYA's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) MINAYA enters a plea pursuant to this agreement, (b) this Office in its discretion determines that MINAYA's acceptance of responsibility has continued through the date of sentencing and MINAYA therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MINAYA's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. In accordance with the above, the parties agree that the Guidelines offense level applicable to MINAYA will be 34 (the "agreed total Guidelines offense level").

14. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

15. MINAYA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, a motion under 28 U.S.C. § 2255, or a motion under 18 U.S.C. § 3582(c) or 18 U.S.C. § 3583(e), which challenges or seeks to modify the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 34, subject to any applicable mandatory minimum. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 34. The Government reserves the right to appeal any sentence below any applicable mandatory minimum. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. But nothing in this plea agreement shall preclude MINAYA from pursuing, in an appropriate forum and when permitted by law, a collateral attack claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Plea Agreement with Jose Minaya ("MINAYA")

Schedule B

1. iPhone 11 Pro Max, Serial Number G6TZK98BN70H;
2. One Plus 7T cellular telephone, Serial Number A159db65;
3. iWatch, Series 5, Identification Number wr-50m;
4. iPhone S, Model A1688, IC Number 579C-E2946A;
5. X-Box One X, Model 1787, Serial Number 013775173317;
6. PlayStation 4, Model CUH-2215B, SN MG376927963;
7. Compaq Presario personal computer, Model SR5710F, Serial Number CNX8502B4T;
8. "Aurus" personal computer, Serial Number 1819FD00740200033;
9. "Ryzen" personal computer, Identification Number 121419418511;
10. Nokia RM-985 cellular telephone, IMEI 355160060011502;
11. Nokia Model 521 cellular telephone, IMEI 356706054448545;
12. iPhone Model A1784, IC Number 579C-E3092A;
13. Motorola Nexus cellular telephone, FCC ID IHDT56QD1; and
14. One Sea-Life Shower Curtain.